AGUSTÍN BIRD MARTÍNEZ, ET AL., ETC., Plaintiffs and Appellees, v. JESÚS BIRD GÓMEZ, Defendant and Appellant.

No. 9820. Argued November 9, 1948.—Decided November 17, 1948.

*Juan Nevares Santiago* for appellant.   *Vicente Géigel Polanco* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Agustín and Rafael Bird Martínez, minors, represented by their mother with *patria potestas*, brought, in the District Court of San Juan, an action for maintenance and support against their father, Jesús Bird Gómez, defendant herein. Since the latter resides in Luquillo, at his instance the case was transferred to the District Court of Humacao, wherein, after a trial on the merits, judgment was rendered granting the plaintiffs an allowance for support of $70 monthly.   In his appeal the defendant urges that the lower court erred (1) in denying his motion for dismissal of the complaint on the ground that the latter was filed before the necessity for claiming support had arisen;  (2) in erroneously weighing the evidence;  and (3) in considering that certain sales made by him of properties which belonged to him were void.

The defendant and plaintiffs' mother were married, but they were divorced prior to September 23, 1947, on which date the complaint herein was filed.   At the time of such filing, the minors resided with the plaintiff in Hato Rey, but upon being summoned the appellant immediately came to that place and without any authorization took the minors with

him to the town of Luquillo. Under those circumstances, the complaint was filed at a time when the minors were under the custody of the mother and when, in accordance with the law, the father was bound to furnish the mother with the necessary support for the children. Subdivision 2, § 143, Civil Code, 1930 ed. The support to be granted is retroactive to the date of the institution of the action. Section 147 of that same Code. However, the lower court granted said support from November 24, 1947. This was due to the fact that it was on that date that the minors actually returned to the custody of their mother. The first error assigned is non-existent.

■■ The evidence for the plaintiff tended to show that the defendant is the owner of a two-story concrete building located on Matienzo Cintrón Street of the town of Luquillo, in which he has established several businesses including the sale of gasoline and automobile accessories, the operation of a café, and the sale of groceries; and that those businesses yield profits to him. Also, that the minors need for their support not less than $120 monthly, the amount necessary for each purpose being specified. The evidence for the appellant was to the effect that he is an insolvent person, since he had to sell the above-mentioned businesses and the building to his son, José Luis, due to his illness and to his many debts, and that he depends for his support on the aid furnished to him by José Luis and another son of his. His own evidence showed, however, that the transfers of the businesses and of the building were both made subsequent to the filing of the complaint.

The district court did not accord any credit to the evidence for the defendant and adjudged the latter to pay to the plaintiffs the above-mentioned allowance. This Court has repeatedly held that in cases tried by a court without a jury, it is wholly incumbent on the trial judge to weigh the evidence, and that we will not reverse the judgment on such findings, unless we are convinced that manifest error was

committed in weighing the evidence or that the judge was moved by passion, prejudice, or partiality. *Ramos* v. *Rosario*, 67 P.R.R. 641, cases cited therein, at p. 648, and Rule 52 (*a*) of Civil Procedure. From a reading of the transcript ·of the evidence, we are convinced that the evidence contained in the record justified the judgment rendered.

█ The lower court in its opinion filed in this case says:

"The careful study we have made of the evidence intro·duced by the defendant has failed to convince us that he is an insolvent person, much less the wholly bankrupt individual that said evidence attempts to depict. An analysis of the facts which occurred between the defendant and plaintiffs' mother, ·of the allegations in his answer, and of the facts that he has ·attempted to prove in this case leads us to the unavoidable conclusion that all the transfers made by said defendant in favor ·of his son José Luis were simulated and had no other purpose than to establish a defense in the present case in order to evade the obligation which said defendant has to support his minor children, the plaintiffs herein. Six months ago the defendant was suffering from certain ailments, according to the testimony of his own witness Dr. Carreras; six months ago the defendant transferred his grocery business, and the business of selling automobile accessories and gasoline, to his son José Luis, as stated by his own witness Pablo Suárez. In other words, six months ago the defendant was already bankrupt, since he only owned a mortgaged house and had numerous personal debts, yet a mere examination of the answer filed by him in this case on September 29, 1947, gives the impression that said defendant was a solvent man; that he had under his charge four other children; that he was afraid that plaintiffs' mother would attempt to live on his income after the dissolution of the marriage; that he started a judicial struggle for the custody of the two minors, plaintiffs herein, by instituting the corresponding proceedings in the District Court of San Juan, which necessarily would give rise to expenses; that he also offered to support the plaintiffs in his own home and to pay for 'all their needs' when already on that date, September 29, 1947, he was, according to his own evidence in this case, an insolvent and bankrupt person. Moreover, the transfer of his properties to his son José Luis was made, according to the documentary evi-

·dence introduced by him, one month after the filing of the complaint in this case—a circumstance which, coupled with the relationship existing between the purchaser and the vendor and the manner stipulated for the payment of the price of the property sold renders even more suspicious the genuineness of said transaction. We consider therefore that the defendant, ·with the sole purpose of evading his legal responsibility towards his minor children, plaintiffs herein, has attempted to appear in a complete state of insolvency, which is not his true· financial .situation.''

Based on the foregoing, the appellant contends that the lower court erred in considering void the sales made by him. Said court was not deciding, as a matter of law, that the transfers made by the plaintiff in favor of his son José Luis were void. It merely set forth the reasons, among others, why it gave no credit to the evidence for the defendant.

█ On the other hand, an appeal is not taken from the grounds set forth in the opinion but from the judgment itself. *Latorre* v. *Cruz*, 67 P.R.R. 696. The second and third errors assigned are also nonexistent.

The judgment appealed from should be affirmed.